## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

MICHELLE M. WATKINS : Civil Action No. 4:19-cv-01807
:
    Plaintiff, : Judge Benita Y. Pearson
:
:
: FIRST AMENDED COMPLAINT
vs. :
: FILED ON BEHALF OF:
: Plaintiff, Michelle M. Watkins
:
CORECIVIC :
: COUNSEL OF RECORD FOR
    Defendant. : PARTY:
: Neal A. Sanders, Esquire
: Law Offices of Neal A. Sanders
: 262 South Water Street, Suite 200
: Kittanning, PA 16201
: (T) 724-919-8884
: (F) 724-919-8903
:
: JURY TRIAL DEMANDED

### FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Michelle M. Watkins, complaining of Defendant CoreCivic, alleges as follows:

### PARTIES

1.    Plaintiff, Michelle M. Watkins, is an individual citizen who currently resides at 624 South Darby Road, Hermitage, Pennsylvania 16148.

2.    Defendant, CoreCivic, is a corporation engaged in the business of, inter alia, operating private corrections and detention facilities. Defendant has administrative offices located at 10 Burton Hills Boulevard, Nashville, Tennessee 37215. The Defendant operates a corrections and detention facility located at 2240 Hubbard Road, Youngstown, Ohio 44505.

1

**JURISDICTION AND VENUE**

3.       This action arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.

4.       Jurisdiction over Count I of this action is conferred upon this Court by 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. Jurisdiction over Count II of this action is conferred upon this Court by 29 U.S.C. §626(c) and 28 U.S.C. § 1331.

5.       Venue is properly laid in the Northern District of Ohio because all transactions and occurrences which give rise to this action occurred within this District.

**COUNT I**
**Title VII**
**Gender Discrimination**

6.  At all times relevant hereto, the Defendant was an employer within the meaning of Title VII, specifically it is a "person" engaged in an "industry affecting commerce" as those terms are defined by Title VII, 42 U.S.C. §2000e (a), (b) and (h).

7.  Plaintiff is a member of a class protected under the provisions of Title VII by reason of her gender, female.

8.       On or about May 15, 2005, Plaintiff was hired by the Defendant as a Correctional Officer at the Northeast Ohio Correctional Center in Youngstown Ohio.

9.  In June 2016, Plaintiff applied for and was promoted to the position of Property Officer at the Defendant's Youngstown Ohio facility.

10.  At all times relevant hereto, Plaintiff was qualified for the position of Property Officer. Plaintiff was rated as "exceeds expectations" in nearly every category of her performance evaluations throughout her employment with the Defendant.

2

11.  In early February 2018, while working a double shift, Plaintiff had a conversation with two coworkers, two females, that was sexual in nature.  All three individuals participated in the conversation, and neither of Plaintiff's coworkers indicated that they were, in any way, offended by the conversation at the time it took place.

12.  Such conversations are common among numerous employees of Northeast Ohio Correctional Center and both of Plaintiff's coworkers who were involved in this conversation had previously and subsequently engaged in such conversations with each other and other employees of the Defendant.

13.  Although one of the female coworkers did not make any indication at the time of the conversation that she was offended, she filed a sexual harassment complaint against Plaintiff approximately a month later on March 23, 2018.

14.  On August 7, 2018, Plaintiff was informed that her employment was being terminated because of the February 2018 conversation.

15.  At the time of Plaintiff's termination, the Defendant treated employees of the opposite gender more favorably.  Specifically, males in other situations:

> (a.)  Lt. Justin Coulter sent a graphic picture to a female officer.  End result - he was given a heads-up that he was going to be terminated and was able to resign before said date; and
>
> (b.)  Sgt. Bruce Cuevas had a similar situation and was only given 3 days unpaid leave.

16.  The Defendant, acting through its employees and agents, was motivated by Plaintiff's gender when it terminated Plaintiff's employment.

17.  By reason of the foregoing, the Defendant unlawfully discriminated against the Plaintiff because of her gender by terminating her employment in violation of the provisions of Title VII, 42 U.S.C. §2000e et seq.

3

18.    As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered loss of wages, loss of pension benefits, loss of insurance benefits, loss of other fringe benefits, loss of the opportunity to continue the gainful employ in which she had been engaged, loss of future earnings, humiliation, embarrassment and loss of self-esteem, adverse health effects, and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

19.    The Defendant willfully violated Title VII or acted with reckless disregard for whether its actions were prohibited such that an award of punitive damages is appropriate.

20.    Prior to initiating this action, Plaintiff filed an administrative charge alleging gender and age discrimination with the EEOC.  A Final Agency Decision was issued on June 6, 2019.  It was received on June 8, 2019.  Less than 90 days have elapsed since receipt of the notice.  A true and correct copy of this letter is attached hereto as Exhibit 1.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff back pay, front pay, compensation for lost fringe benefits, compensatory damages for humiliation, embarrassment and loss of self esteem, punitive damages and reasonable costs and attorney's fees.

<u>**COUNT II**</u>
<u>**ADEA**</u>
<u>**Age Discrimination - Wrongful Termination**</u>

21.  Plaintiff incorporates by reference all averments and allegations from Paragraphs 1 through 20 as though the same were set forth herein at length and made a part hereof.

22.  Defendant is an employer within the meaning of the ADEA, 29 U.S.C. § 630(b). Specifically, Defendant employed twenty (20) or more employees in each of twenty (20) or more weeks in the preceding calendar year.

23.  At all times relevant hereto, Plaintiff, who was born in 1972, was a member of the class protected under the provisions of the ADEA.

24.  The female coworker who was part of the February 2018 conversation that resulted in Plaintiff's termination, desired to be promoted to the Property Officer position and stood to benefit from Plaintiff's removal from that position.

25.  At the time that Plaintiff's employment was terminated, the Defendant treated substantially younger employees more favorably.  Specifically, both of the coworkers who participated in the February 2018 conversation were substantially younger than Plaintiff and were not discharged or otherwise disciplined despite the fact that the Defendant knew that they fully participated in the February 2018 conversation and in numerous others of a similar nature.

26.  Plaintiff avers, based on knowledge, information and belief, that following her termination she was replaced by a younger male employee.

27.  The Defendant, acting through its employees and agents, was motivated by Plaintiff's age when it terminated Plaintiff's employment.

28.  By reason of the foregoing, the Defendant unlawfully discriminated against the Plaintiff because of her age by terminating her employment in violation of the ADEA, 29 U.S.C. § 626(a)(1).

29.  As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered loss of wages, loss of pension benefits, loss of insurance benefits, loss of other fringe benefits, loss of the opportunity to continue the gainful employ in which she had been engaged, loss of future earnings, and loss of time and money in endeavoring to protect himself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

30.  The Defendant willfully violated the ADEA or acted with reckless disregard for whether its actions were prohibited such that an award of liquidated damages is appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff back pay, front pay, compensation for lost fringe benefits, liquidated damages and reasonable costs and attorney's fees.

Respectfully submitted,

LAW OFFICES OF NEAL A. SANDERS

Date: October 16, 2019                    By:/s/Neal A. Sanders
                                          Neal A. Sanders, Esquire
                                          Counsel to Plaintiff,
                                          Michelle M. Watkins

                                          Law Offices of Neal A. Sanders
                                          262 South Water Street, Suite 200
                                          Kittanning, PA 16201

                                          (T) 724-919-8884
                                          (F) 724-919-8903

**<u>JURY DEMAND</u>**

Plaintiff demands a Trial by jury on all issues so triable.

/s/Neal A. Sanders
Neal A. Sanders, Esquire

6