UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE M. WATKINS, | ) | CASE NO. 4:19CV1807 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | CASE MANAGEMENT |
| | ) | CONFERENCE ORDER |
| CORECIVIC, | ) | |
| | ) | CASE MANAGEMENT PLAN |
| Defendant. | ) | LR 16.1(b)(4) |

1.  A Telephonic Case Management Conference was conducted on November 6, 2019.

2.  The following parties were present:

    A.  Plaintiff:  Michelle M. Watkins

    B.  Defendant:  Attorney Susan G. Lindsey as party representative

3.  The following attorneys were present:

    A.  Plaintiff's counsel:  Neal A. Sanders

    B.   Defendant's counsel:  Shannon K. Patton

4.  A Discovery Plan was filed on October 28, 2019.

-1-

(4:19CV1807)

## REGISTRATION FOR RECEIPT OF ELECTRONIC DOCUMENTS

If it has not already been done, all counsel must complete Attorney Registration Forms and return them to the Clerk of Court as soon as possible so that attorney user accounts can be established.  An Attorney Registration Form is in the Policies and Procedures Manual.  In addition, counsel can easily register online at:

http://www.ohnd.uscourts.gov/content/cmecf-attorney-registration

As soon as accounts are established, counsel will be provided with user identification names and passwords which will permit access to the electronic filing system and which shall serve as signatures for any and all documents filed electronically.

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.


## RULINGS ON ADDITIONAL MATTERS PURSUANT TO LR 16.3(b)(2)

5.  After consultation with the parties and counsel, the Court determined that this case will proceed on the Standard Track.


6.  This case is not suitable for Alternative Dispute Resolution (ADR) at this time.


7.  The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).


8.  There are no case-specific rulings as to the type and extent of discovery.  Parties are to follow the limits established by the Local and Federal civil rules.


9.  The parties have agreed to follow the default standard for discovery of electroncally-stored information (Appendix K to N.D. Ohio Local Rules).


10.  Fact discovery shall be completed on or before March 31, 2020.

(4:19CV1807)

11.  Counsel should comply with LR 37.1 before filing discovery motions.  LR 37.1 provides for a three-step process for resolution of discovery disputes.  The first step is a telephone conference.  A discovery motion should only be filed after having been solicited by the Court.  *See Mohney v. USA Hockey, Inc.*, 5 Fed.Appx. 450, 459-60 (6th Cir. 2001); *Infocision Management Corp. v. Foundation for Moral Law, Inc.*, No. 5:08CV1342, 2009 WL 1661650, at *2 (N.D. Ohio June 15, 2009) (Lioi, J.); *Gelpi v. Autozoners, LLC*, No. 5:12CV0570 (N.D. Ohio Aug. 23, 2013) (Pearson, J.); *see, e.g.*, *Zehentbauer Family Land LP v. Chesapeake Exploration, L.L.C.*, No. 4:15CV2449 (N.D. Ohio filed Nov. 30, 2015) (Pearson, J.) at ECF Nos. 149, 150, and 151.

12.  **Regarding the handling of disclosed privileged material:**  The parties have reached an agreement regarding the handling of disclosed privileged material.  *See* Stipulation (ECF No. 12).

13.  Without leave of Court, no discovery or disclosure materials may be filed, except as necessary to support dispositive motions.  If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any event, discovery and disclosure materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

14.  The cutoff to amend pleadings and add parties is November 15, 2019.  Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper).  The cutoff date, however, is merely a time limitation -- not a blanket leave.  A party must still demonstrate that an amendment is proper under Rule 15(a).  Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing

-3-

(4:19CV1807)

the requirements of Rule 15(a). In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

15. Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel. Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal. The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions is April 30, 2020. Responses shall be filed by June 1, 2020 (*See* LR 7.1(d)) and Replies by June 15, 2020 (*See* LR 7.1(e)).

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion. The stipulations shall be filed with the Court on or before April 30, 2020. If there are no stipulations, a joint notice stating same shall be filed by the same date. These are mandatory requirements.

16. The next Status Conference will be held on March 16, 2020, at 10:00 a.m. The conference will be conducted *via* telephone unless circumstances require otherwise. Counsel for Defendant is to set up the conference call by joining the other participants and calling the Court at (330) 884-7435. Parties' attendance is welcome, but not mandatory. Agenda items for this conference will be (1) readiness for referral to Magistrate Judge Kathleen B. Burke to conduct a mediation conference; (2) setting dates for expert discovery;[1] and, (3) setting a firm trial date and

---

[1] Under some circumstances, Fed. R. Civ. P. 26 disclosure requirements do not apply to treating physicians. *See*, *e.g.*, *Ridder v. City of Springfield*, No. 95-3358, 1997 WL 117024, at *4 (6th Cir. March 13, 1997) (upholding the trial court's limitation of treating physician testimony to what was observed in the course of diagnosis and treatment). However, "where the treating physician's opinion is rendered in anticipation of litigation, courts have held

(continued...)

-4-

(4:19CV1807)

Final Pretrial Conference date.  Counsel should notify the Court in advance of a Status Conference if the matter has settled.

17. Counsel shall comply with LR 5.2.  See pages 9-12 of the Electronic Filing Policies and Procedures Manual for further instructions.

18.  Additional Rulings Regarding Motions    LR 7.1(b)-(j) (12/16):

The Court will strictly enforce provisions regarding length of memoranda filed in support of motions.  *See* LR 7.1(f).  Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling.  Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.

The Court will permit only the motion with its supporting memorandum, the memorandum in opposition, and a reply.  No sur-replies will be permitted absent advance leave of Court.

IT IS SO ORDERED.

  November 6, 2019                                      */s/ Benita Y. Pearson*
Date                                                          Benita Y. Pearson
                                                              United States District Judge

---

[1](...continued)
that 'causation is beyond the scope of the testimony a treating physician may provide without tendering an expert disclosure report.'" *Mohney v. USA. Hockey, Inc.*, 138 Fed.Appx. 804, 811 (6th Cir. 2005) (quoting *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556-57 (S.D. Ind. 2003)). In *Harville v. Vanderbilt University, Inc.*, 95 Fed.Appx. 719 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit upheld a district court's decision to exclude the expert testimony portions of the deposition testimony of treating physicians for failure to comply with Rule 26 disclosure requirements. *Id.* at 724-25.