PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE M. WATKINS, | ) | |
| | ) | CASE NO.  4:19CV1807 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORECIVIC, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 20] |

Pending is the Joint Motion for Extension of Deadlines (ECF No. 20).  The parties request that the Court extend the cutoff dates for the completion of discovery and dispositive motions by approximately 60 days and reschedule the Telephonic Status Conference.  For good cause shown, the motion is granted.  No further extensions shall be requested and none will be granted.

1.  Fact discovery shall be completed on or before May 29, 2020.

2.  Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel.  Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal.  The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

(4:19CV1807)

The cutoff for filing dispositive motions is June 29, 2020.  Responses shall be filed by July 29, 2020 and Replies by August 13, 2020.

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion.  The stipulations shall be filed with the Court on or before June 29, 2020.  If there are no stipulations, a joint notice stating same shall be filed by the same date.  These are mandatory requirements.

3.  The Status Conference set for March 16, 2020 is reset to May 13, 2020, at 12:00 p.m. Noon.  The conference will be conducted *via* telephone unless circumstances require otherwise.  Counsel for Defendant is to set up the conference call by joining the other participants and calling the Court at (330) 884-7435.  Parties' attendance is welcome, but not mandatory.  Agenda items for this conference will be (1) readiness for referral to Magistrate Judge Kathleen B. Burke to conduct a  mediation conference; (2) setting dates for expert discovery;[1] and, (3) setting a firm trial date and Final Pretrial Conference date.  Counsel should

---

[1] Under some circumstances, Fed. R. Civ. P. 26 disclosure requirements do not apply to treating physicians.  *See*, *e.g.*, *Ridder v. City of Springfield*, No. 95-3358, 1997 WL 117024, at *4 (6th Cir. March 13, 1997) (upholding the trial court's limitation of treating physician testimony to what was observed in the course of diagnosis and treatment).  However, "where the treating physician's opinion is rendered in anticipation of litigation, courts have held that 'causation is beyond the scope of the testimony a treating physician may provide without tendering an expert disclosure report.'" *Mohney v. USA. Hockey, Inc.*, 138 Fed.Appx. 804, 811 (6th Cir. 2005) (quoting *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556-57 (S.D. Ind. 2003)).  In *Harville v. Vanderbilt University, Inc.*, 95 Fed.Appx. 719 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit upheld a district court's decision to exclude the expert testimony portions of the deposition testimony of treating physicians for failure to comply with Rule 26 disclosure requirements.  *Id.* at 724-25.

2

(4:19CV1807)

notify the Court in advance of a Status Conference if the matter has settled.


       IT IS SO ORDERED.


   March 12, 2020                                   */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                             United States District Judge